UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JOHN LIVIERI,

Plaintiff,

# COMPLAINT

**Plaintiff Demands
A Trial By Jury**

-against-

CITY OF NEW YORK, NEW YORK CITY SHERIFF'S
OFFICE KING'S COUNTY SHERIFF'S DIVISION,
DEPUTY R. PROSA, SHIELD #693828 and DEPUTY
JOHN DOE 1,

Defendants.

--------------------------------------------------------------------------------X

Plaintiff, by DEVON M. RADLIN, his attorney, respectfully alleges as follows:

### ***JURISDICTION***

1.  This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 18. U.S.C. Sections 242, Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983, 1985 and 1986.

2.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

3.  Plaintiff brings this action seeking damages pursuant to 42 U.S. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution and the Constitution of the State of New York.

4.  Plaintiff asserts jurisdiction over the **CITY OF NEW YORK (CITY)** and **NEW YORK CITY SHERIFF'S OFFICE KING'S COUNTY SHERIFF'S DIVISION (KINGS SHERIFF)** of all claims in this Court under 28 U.S.C. § 1367. Plaintiff requests that this Court exercise supplemental jurisdiction over those state law claims that are so related to

claims in this action within such original jurisdiction that they form part if the same case or controversy as do plaintiff's federal claims pursuant to 28 § U.S.C. 1367.

5. This court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 (a)(1) and (2). The parties hereto are completely diverse and the matter in controversy exceeds the sum of $75,000.00.

## *VENUE*

6. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of Kings, City and State of New York, in the Eastern District of New York.

## *NOTICE OF CLAIM*

7. Within ninety (90) days of the incident, a notice of claim was timely filed as required under General Municipal Law 50e., on November 8, 2021.

8. Since the service of the Notice of claim thirty (30) days have elapsed and adjustment or payment of the claim has been neglected or refused.

9. This action commenced within one (1) year and ninety (90) days of the incident.

10. On January 20, 2022, Plaintiff's 50h Hearing was conducted.

## *PRELIMINARY STATEMENT*

11. Plaintiff alleges that the Defendants, jointly severally, committed a series of unlawful acts that culminated by Kings County Sheriff's defendant deputies, specifically defendants **DEPUTY R. PROSA, SHIELD #693828 (DEP. PROSA)** and **DEPUTY JOHN DOE 1 (DEP. JD)** whose unlawful and improper arrest and imprisonment of plaintiff who was unlawfully assaulted, prosecuted, harassed, and subjected to the use of excessive force on October 20, 2021.

12.     The failure of the Defendants *CITY* and *KINGS SHERIFF* to adopt and/or enforce adequate policies, procedures, and practices to address the vicious and dangerous propensities of their deputies constituted deliberate indifference and was the proximate cause of Plaintiff's injuries.

13.     It is further alleged that the defendants *CITY* and *KINGS SHERIFF*, jointly and severally, as the supervisory officer of the Kings County Sheriff personnel and the City of New York as the employer of the sheriff personnel are responsible for the conduct of the defendants for their failure to take corrective action with respect to the defendant **KINGS SHERIFF** personnel whose vicious and dangerous propensities were notorious, for their failure to assure proper supervision and training of the Kings County Sheriff personnel and for their failure to implement meaningful procedures to discourage and prohibit lawless official conduct by their Kings County Sheriff personnel.

### *PARTIES*

14.     Plaintiff, *JOHN LIVIERI (LIVIERI)*, is and was at all times herein mentioned, a citizen and a resident of the State of Connecticut.

15.     The defendant *CITY OF NEW YORK* (CITY) is a municipal corporation and political subdivision of the State of New York.

16.     The defendant *KINGS SHERIFF* is a municipal agency under the supervision and control of the defendant **CITY**.

17.     The defendant, **DEPUTY R. PROSA, SHIELD #6938328 (DEP. PROSA)**, is a Deputy employed by the Defendants **CITY** and **KINGS SHERIFF**, jointly and severally.

18.     The defendant, **DEPUTY JOHN DOE 1 (DEP. JD)**, is a Deputy employed by the Defendants **CITY** and **KINGS SHERIFF**, jointly and severally.

19.   Defendants **CITY** and **KINGS SHERIFF,** jointly and severally, are responsible for overseeing, *inter alia,* the Day-to-Day Patrol Operations and Arrest procedures and thus are aware of the dangers of excessive force used against civilians, and thus are aware of the serious incidents involving excessive force, false arrest, malicious prosecution, and imprisonment of civilians with staffing and operations, policies and procedures and compliance.

20.   That at all times herein mentioned, defendant **DEP. PROSA** and **DEP. JD**, were employed by the defendants **CITY** and **KINGS SHERIFF,** jointly and severally, in the capacity of deputy, and were acting in such capacity as an agent, servant and employee of the defendants, **CITY** and **KINGS SHERIFF,** jointly and severally, and each is sued individually and in their official capacity.

21.   That at all the times herein mentioned, defendants **DEP. PROSA** and **DEP. JD,** were acting under color of state law and under their authority as deputies for the defendants, **CITY** and **KINGS SHERIFF,** jointly and severally.

22.   That at all times herein mentioned, each of the defendants were responsible for making and enforcing the policies of defendant **KINGS SHERIFF** and were acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York. Defendant **KINGS SHERIFF**, through its senior officials, promulgates and implements policies, including but not limited to policies with respect to the use, reporting and investigation of force or abuse by uniformed staff, the rights, and privileges of civilians. The practice of using unconstitutional force during routine arrests (illegal or legal), and of covering up that unconstitutional force by fabricating false charges against the victims, at all relevant

times was known to and perpetuated, permitted, encouraged, and institutionalized by **KINGS SHERIFF** supervisors, including high-ranking **KINGS SHERIFF** personnel. Because of the practice of using unconstitutional force and making false charges against victims has been widespread, longstanding, and deeply embedded in **KINGS SHERIFF** culture, it constitutes an unwritten municipal policy or custom of the City of New York. The defendants **CITY** and **KINGS SHERIFF,** jointly and severally, are responsible for the appointment, training, supervision and conduct of all **KINGS SHERIFF** personnel, including the individual named Defendants.

## **FACTS**

23. On October 20, 2021, at or about 10:30 A.M., the plaintiff **LIVIERI** was lawfully driving his wife's motor vehicle at and near 2506 Flatbush Avenue in the County of Kings, City and State of New York.

24. Defendants **DEP. PROSA** and **DEP. JD** approached Plaintiff's vehicle and inquired why his vehicle did not have plates.

25. Plaintiff advised defendants **DEP. PROSA** and **DEP. JD** that the vehicle was his wife's, that the plates had been stolen, and that he was waiting for his wife to get to get new plates.

26. Defendants **DEP. PROSA** and **DEP. JD** did not inquire further.

27. Plaintiff then drove to the EZPawn located at 2506 Flatbush Avenue in Kings County and parked the vehicle.

28. Defendants **DEP. PROSA** and **DEP. JD** followed Plaintiff.

29. Plaintiff entered the EZPAWN followed by defendants **DEP. PROSA** and **DEP. JD**.

30. Defendants **DEP. PROSA** demanded Plaintiff to provide his identification.

31.     Plaintiff refused as he had not committed any crime.

32.     In response, defendants **DEP. PROSA** and **DEP. JD**, without probable cause or justifiable reason, assaulted Plaintiff by grabbing his person, throwing him into glass cabinets and into walls, throwing him to the floor, punching Plaintiff's face and person for approximately five (5) minutes.

33.     Defendant **DEP. PROSA** grabbed plaintiff and slammed his body and face into a wall inside the EZ Pawn.

34.     Defendant **DEP. JD** grabbed the back of plaintiff's head and neck and slammed his face into a wall.

35.     Defendants **DEP. PROSA** handcuffed plaintiff.

36.     Defendants **DEP. PROSA** and **DEP. JD,** jointly and severally, continued their assault against Plaintiff.

37.     Defendants **DEP. PROSA** and **DEP. JD** escorted Plaintiff out of the EZPAWN.

38.     Defendant **CITY's** New York City Police Department (NYPD) Officers responded to the scene.

39.     Defendant **CITY's** NYPD Officers unlawfully imprisoned plaintiff by allowing defendant **DEP. PROSA** and **DEP. JD** to place plaintiff in the back of a marked NYPD vehicle.

40.     Defendant **CITY** NYPD officers, specifically SERGEANT JANE DOE 1, whose name and shield is currently unknown to Plaintiff, advised defendants **DEP. PROSA** and **DEP.JD** that they had no right to arrest Plaintiff.

41.     Defendant **CITY** NYPD Officers advised defendants **DEP. PROSA** and **DEP.JD** that they were not legally allowed to arrest Plaintiff for said allegations.

42.    Defendant **CITY** NYPD Officers advised defendants **DEP. PROSA** and **DEP.JD** that they were only allowed to issue a summons to Plaintiff for their allegations against him.

43.    Defendant **CITY's** NYPD SERGEANT JANE DOE 1 advised defendants **DEP. PROSA** and **DEP JD** that, in sum and substance, "this was their [Sheriffs] problem."

44.    Defendant **CITY's** NYPD SERGEANT JANE DOE 1 ordered defendant **CITY** Police Officer John Doe 2 to remove Plaintiff from the back of the marked NYPD vehicle.

45.    Defendant **CITY** Police Officer John Doe 2 removed plaintiff from said vehicle.

46.    Defendant **CITY's** NYPD left the scene.

47.    Defendant **DEP. PROSA** un-cuffed Plaintiff.

48.    Defendants **DEP. PROSA** issued Plaintiff Summons #4420243718 stating, in sum and substance, "DEFD CALLED DEPUTIES ASSHOLE… REF TO DEPUTIES NOT BEING ABLE TODO…" and charged Plaintiff with Disorderly Conduct under New York Penal Law 240.20(7).

49.    Defendants **DEP. JD** issued Plaintiff Summons #4420243721 charging Plaintiff with violating Vehicle Traffic Law 411-1.

50.    Defendants **DEP. PROSA** and **DEP. JD** knew Plaintiff had not committed any crime(s) or violation(s).

51.    Defendant **DEP. PROSA** said to Plaintiff, "If you gave us your identification, none of this would have happened."

52.    On November 8, 2021, summons #4420243718 and #4420243721 were dismissed.

53.    Defendants **CITY** and **KINGS SHERIFF** had actual and constructive notice of the unfitness of their deputies, specifically defendants **DEP. PROSA** and **DEP. JD**.

54.  Defendants, **CITY, KINGS SHERIFF, DEP. PROSA** and **DEP. JD,** jointly and

severally**,** committed the following acts:

a)    Without a legal or just reason or probable cause arrested, assaulted, battered, and

imprisoned plaintiff.

b)  Knowingly and intentionally conspired to cover-up their actions towards plaintiff

which were violations of his constitutional rights.

c)  Knowingly, intentionally, and maliciously harassed, taunted, assaulted and intimidated

the plaintiff without cause.

d)  Held plaintiff without his consent knowing that there was no existing probable cause

to detain and arrest plaintiff.

e)  Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the

constitutions of the United States and New York, as well as, federal and state case law,

rules, regulations and statues.

f)  Failed and refused to timely advise plaintiff of the reasons for his arrest.

g)  Failed and refused to provide Plaintiff with adequate and reasonable medical attention

for his injuries.

h)  Assaulted, battered, and used excessive force on Plaintiff.

i)  The actions of each defendant were malicious and sadistic and in the nature of a hate

crime.

j)  In effort to cover-up their actions, issued a Summons against Plaintiff with crimes and

violations which they knew Plaintiff had not committed.

55.   Defendants **CITY** and **KINGS SHERIFF,** jointly and severally, were aware of the serious danger and risk of further physical abuse, violence and harassment of civilians, specifically plaintiff, by defendants **DEP. PROSA** and **DEP. JD.**

56.   Defendants, **CITY** and **KINGS SHERIFF**, jointly and severally, did nothing to protect the society and the plaintiff from further physical abuse, violence, harassment, and violation of civil rights from defendants **DEP. PROSA** and **DEP. JD.**

57.   To date, Plaintiff lives in constant fear, anxiety, and depression due to the actions of defendants **DEP. PROSA** and **DEP. JD,** jointly and severally.

58.   As a result of the foregoing, Plaintiff sustained severe and permanent psychological and physical injuries and damages.

### *FIRST CAUSE OF ACTION*
### *STATE - (NEGLIGENCE - FAILURE TO TRAIN AND SUPERVISE)*

59.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" herein, as if the same were set forth herein more fully and at length.

60.   That defendants, *CITY* and *KINGS SHERIFF*, jointly and severally, by their deliberate acts, gross negligence, and reckless conduct in failing to adequately train, discipline and supervise defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their sheriffs, security officers, agents, servants and employees, directly caused the injuries suffered by plaintiff.

61.   That defendants, *CITY* and *KINGS SHERIFF,* jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior.*

9

62.   That by reason of the foregoing, the plaintiff has suffered substantial damages.

63.   That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION
### FEDERAL - (FAILURE TO RETENTION, HIRING, TRAINING AND SUPERVISION)

64.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" herein, as if the same were set forth herein more fully and at length.

65.   The defendants, *CITY* and *KINGS SHERIFF*, jointly and severally, by their deliberate acts, gross negligence, and reckless conduct in failing to adequately train, discipline and supervise their sheriffs, specifically, defendants **DEP. PROSA** and **DEP JD,** and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their sheriffs, agents, servants, and employees, directly caused the harm suffered by plaintiff.

66.   That the acts of the defendants **CITY,** *KINGS SHERIFF*, **DEP. PROSA** and **DEP JD,** their sheriffs, officers, agents, servants, and employees, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Six, Eighth, and Fourteenth Amendments to the United States Constitution, the New York State constitution, federal law and state law.

## THIRD CAUSE OF ACTION
### STATE - NEGLIGENT HIRING

67.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through "1" through "58" and "60" through "63" of this complaint, with the same force and effect as if set forth herein at length.

68. That the defendants **CITY** and ***KINGS SHERIFF***, jointly and severally, their sheriffs, security officers, agents, servants, officers and employees were negligent in their hiring and supervising of defendants **DEP. PROSA** and **DEP JD**.

69. That the defendants **CITY** and ***KINGS SHERIFF***, jointly and severally, their sheriffs, specifically defendants, **DEP. PROSA** and **DEP JD,** were unfit for their positions.

70. Defendants **CITY** and **KINGS SHERIFF**, jointly and severally, knew or should have known through the exercise of reasonable diligence that the defendants, **DEP. PROSA** and **DEP JD,** were potentially dangerous.

71. Defendants **CITY** and **KINGS SHERIFF,** jointly and severally, negligence in screening, hiring, training, disciplining, and retaining the defendants **DEP. PROSA** and **DEP JD,** proximately caused plaintiff's injuries.

72. As a direct and proximate result of this unlawful conduct, plaintiff suffered extreme physical and psychological trauma.

73. That the damages herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

74. That by reason of the foregoing, the plaintiff has suffered substantial damages.

### *FOURTH CAUSE OF ACTION*
### *EXCESSIVE FORCE - § 1983*

75. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58".

76. Defendants, ***CITY, KINGS SHERIFF, DEP. PROSA*** and ***DEP JD,*** jointly and severally, gratuitously inflicted pain in a manner that is not reasonable under the circumstances.

77. Plaintiff was not an immediate threat to anyone, including defendants, specifically

defendants **DEP. PROSA** and **DEP JD**.

78.  Defendants **DEP. PROSA** and **DEP JD,** jointly and severally, acted plainly incompetent and/or knowingly violated the law by inflicting said assault against plaintiff.

79.  Defendants, **CITY, KINGS SHERIFF, DEP. PROSA** and **DEP JD,** jointly and severally, violated Plaintiff's civil rights protected under 42 U.S.C. § 1983 by committing, allowing and failing to prevent and/or intervene by the above actions.

80.  The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil right to be free from excessive force.

### *FIFTH CAUSE OF ACTION*
### *FAILURE TO INTERVERE – §1983*

81.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58".

82.  Defendants, **CITY, KINGS SHERIFF, DEP. PROSA** and **DEP JD**, jointly and severally, observed and/or had reason to know that plaintiff's constitutional rights protected by and under 42 U.S.C. § 1983 were being violated.

83.  Defendants, **CITY, KINGS SHERIFF, DEP. PROSA** and **DEP JD,** jointly and severally, had a realistic opportunity to intervene to prevent harm from occurring, specifically the assault against plaintiff.

84.  Defendants, **CITY, KINGS SHERIFF, DEP. PROSA** and **DEP JD,** jointly and severally, violated their duty to intervene and to protect the constitutional rights of citizens, specifically plaintiff, from infringement by other law enforcement officers in their presence.

85.  The above actions committed by defendants, jointly and severally, were a violation of

plaintiff's civil rights.

### SIXTH CAUSE OF ACTION
### STATE – MALICIOUS PROSECUTION

86. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" inclusive, as if the same were set forth herein more fully and at length.

87. The defendants, *CITY* and *KINGS SHERIFF*, their sheriffs, agents, servants, officers, employees, and sheriffs, specifically defendants, *DEP. PROSA* and *DEP JD,* commenced and continued a criminal proceeding against plaintiff.

88. On November 8, 2021, the summons against plaintiff were dismissed.

89. There was no probable cause for the initiation of the criminal/summons proceedings against plaintiff.

90. Defendants *CITY* and *KINGS SHERIFF*, their sheriffs, agents, servants, officers, employees, and police officers, specifically defendants *DEP. PROSA* and *DEP JD*, had actual malice against plaintiff demonstrated by the false arrest and assault on plaintiff.

91. That defendants, *CITY* and *KINGS SHERIFF,* jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior*.

92. That as a result of the foregoing, the plaintiff has suffered substantial damages.

93. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SEVENTH CAUSE OF ACTION
### CONSPIRACY– §1985(3)

94. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58" as if the same were set forth herein more fully and at length.

95.     The defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

a.   Permitted the plaintiff to be assaulted.

b.   Refused to protect, aid and safeguard plaintiff from assault.

c.   Covered-up the actions of each other.

d.   Knowingly, intentionally, and maliciously harassed, taunted and assaulted and intimidated the plaintiff.

e.   Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

f.   The actions of the defendants constituted violation of the plaintiff's Fourth (4th) and Fourteenth (14th) Amendment Rights to be free from unlawful seizure and due process when the sole purpose of each defendant's actions were to ensure plaintiff was falsely arrested, imprisoned and maliciously prosecuted when defendants' were aware that plaintiff had committed no illegal acts.

g.   The actions of the defendants were malicious and sadistic

96.     That by engaging in the foregoing acts, all committed under color of state law and under their authority as security officers for the defendants, **CITY** and **KINGS SHERIFF,** jointly and severally, while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **KINGS SHERIFF,** jointly and

severally, the defendants, **DEP. PROSA** and **DEP JD**, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Six, and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

97.    That defendants, **CITY** and **KINGS SHERIFF,** jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior*.

98.    The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil rights.

### EIGHTH CAUSE OF ACTION
### FEDERAL-FALSE ARREST AND IMPRISONMENT

99.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" inclusive, as if the same were set forth herein more fully and at length.

100.    Defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiff Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they did commit the following acts:

a.    Refused to safeguard plaintiff from an unlawful arrest.

b.    Created and maintained a false premise for the arrest and detention of the plaintiff.

15

c.      Covered-up the actions of each other.

d.      Helped to detain plaintiff for an unreasonable period of time despite having actual knowledge that they had no right to do so.

e.      Assisted each other in the stop, arrest and search of plaintiff for violations of the Vehicle and Traffic Law and Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

f.      Falsely arrested and imprisoned plaintiff in public and inside an NYPD vehicle knowing that they did not have probable cause to do so.

g.      Failed and refused to timely advise plaintiff of the reasons for his arrest.

h.      Falsely swore to a Summons charging plaintiff with Disorderly Conduct and other related charges when the defendant **DEP. PROSA** knew that plaintiff had not committed such crimes.

i.      Falsely swore to a Summons charging plaintiff with Vehicle and Traffic Law 411-1 when the defendant **DEP. JD** knew that plaintiff had not committed such violation.

j.      Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

101.    That by engaging in the foregoing acts, the defendants, ***DEP. PROSA*** and ***DEP JD,*** all committed under color of state law and under their authority as sheriffs of the defendants, **CITY** and **KINGS SHERIFF,** jointly and severally, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **KINGS SHERIFF,** jointly and severally, the defendants entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges

16

and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

**NINTH CAUSE OF ACTION**
**FOR FALSE ARREST, IMPRISONMENT**
**AND EXCESSIVE FORCE UNDER STATE LAW**

102. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" of the complaint, as if the same were set forth more fully and at length herein.

103. As a result of the foregoing, Plaintiff was, without just cause or provocation, maliciously, recklessly and/or intentionally arrested, hand cuffed and imprisoned without probable cause resulting in serious physical and emotional injury to Plaintiff.

104. That the actions of the defendants as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **KINGS SHERIFF**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **KINGS SHERIFF** (Badge of Authority), jointly and severally, their agents, servants and/or employees, specifically defendants **DEP. PROSA** and **DEP JD,** without just cause or provocation, maliciously, recklessly, and/or intentionally arrested, assaulted, hand cuffed and imprisoned plaintiff without probable cause resulting in serious physical and emotional injury.

105. That the occurrence and injuries sustained by plaintiff were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or

vicariously by and through their agents, servants and/or employees, without any provocation or fault on the part of the plaintiff.

106.   That defendants, ***CITY*** and ***KINGS SHERIFF,*** jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior.*

107.   That as a direct, sole, and proximate result of the false arrest, imprisonment and excessive force, Plaintiff was caused to and did sustain physical injuries, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance, and disruption of life.

108.   As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological, and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and his standing within his community.

## TENTH CAUSE OF ACTION
## ASSAULT

109.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" of the complaint, as if the same were set forth more fully and at length herein.

110.   As a result of the above, Defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, by and through their agents, servants, officers, and employees, placed Plaintiff in apprehension of imminent harmful and offensive contact which resulted in injuries to Plaintiff's person, thereby committing an assault upon him.

111.  That defendants, *CITY* and *KINGS SHERIFF,* jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior*.

112.  As a result of the foregoing, Plaintiff has suffered damages.

## ELEVENTH CAUSE OF ACTION
## BATTERY

113.  Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" of the complaint, as if the same were set forth more fully and at length herein.

114.  As a result of the above, the defendants, jointly and severally, their agents, servants, employees, and deputies, specifically defendants **DEP. PROSA** and **DEP JD,** jointly and severally, without just cause or provocation, maliciously and intentionally battered, physically abused, hand cuffed, slammed face into glass and walls and punched Plaintiff in the face causing serious injury to Plaintiff.

115.  That the occurrence and injuries sustained by plaintiff, were caused solely by the malicious, reckless and/or intentional conduct of the defendants, jointly and severally, by and through their agents, servants, employees, and deputies, specifically defendants, **DEP. PROSA** and **DEP JD,** without any contributing provocation or fault on the part of the plaintiff.

116.  That defendants, *CITY* and *KINGS SHERIFF,* jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior*.

117.  As a result of the above, Plaintiff has suffered damages.

19

## TWELFTH CAUSE OF ACTION
### NEGLIGENCE

118.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "58" of the complaint, as if the same were set forth more fully and at length herein.

119.    The actions of the Defendants as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **KINGS SHERIFF**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **KINGS SHERIFF** (Badge of Authority), jointly and severally, their agents, servants, employees and deputies, negligently caused emotional distress, physical and psychological injuries and damages to Plaintiff.

120.    The above acts of the defendants, jointly and severally, their agents, servants, employees, and deputies, specifically defendants **DEP. PROSA** and **DEP JD***, were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed to him by the laws of the Constitution of the State of New York.

121.    That defendants, ***CITY*** and ***KINGS SHERIFF,*** jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior*.

122.    As a result of the above, Plaintiff has suffered damages.

20

## THIRTEENTH CAUSE OF ACTION
## <u>INTENTIONAL INFLICTION OF EMOTIONAL HARM</u>

123.    Plaintiff repeats and realleges each and every allegation contained in paragraphs

numbered "1" through "58" of the complaint, as if the same were set forth more fully and

at length herein.

124.    As a result of the above, defendants, jointly and severally, their agents, servants,

employees, and deputies, specifically defendants **DEP. PROSA** and **DEP JD,**

intentionally, wantonly, carelessly, recklessly and/or negligently engaged in extreme,

offensive, and outrageous conduct measured by the reasonable bounds of decency

tolerated by decent society standards thereby inflicting mental and emotional distress

upon Plaintiff.

125.    That defendants, ***CITY*** and ***KINGS SHERIFF,*** jointly and severally, are responsible for

the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to

*respondeat superior.*

126.    As a result, Plaintiff has suffered damages.

## FOURTEENTH CAUSE OF ACTION
## <u>PUNITIVE DAMAGES</u>

127.    Plaintiff repeats and realleges each and every allegation contained in paragraphs

numbered "1" through "58" of the complaint, as if the same were set forth more fully and

at length herein.

128.    That by the defendants, jointly and severally, their agents, servants, employees, and

deputies, engaging in the foregoing acts which were willful, wanton, reckless and/or

malicious conduct resulted in Plaintiff's injuries.

129.    The actions of the defendants, jointly and severally, their agents, servants, employees, and deputies, specifically defendants **DEP. PROSA** and **DEP JD,** reflect utter indifference to the safety and well-being of others, specifically of the Plaintiff, and to protecting the rights and laws of the United States and State of New York.

130.    The actions of the defendants, jointly and severally, their agents, servants, employees, and deputies, specifically defendants **DEP. PROSA** and **DEP JD,** exhibited a reckless disregard for human life and the safety of others, specifically of the life, safety, and well-being of Plaintiff.

131.    That defendants, ***CITY*** and ***KINGS SHERIFF,*** jointly and severally, are responsible for the actions of defendants, **DEP. PROSA** and **DEP JD,** jointly and severally, due to *respondeat superior.*

132.    As a result, Plaintiff has suffered damages.

    ***WHEREFORE***, plaintiff, **JOHN LIVIERI**, demands judgment as follows:

    A.    As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

    B.    As to the second cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C.    As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

D.    As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

E.    As to the fifth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

F.    As to the sixth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

G.    As to the seventh cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

H.    As to the eighth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million

($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

I.    As to the ninth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

J.    As to the tenth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

K.    As to the eleventh cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

M.    As to the twelfth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

N.    As to the thirteenth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

O.  As to the fourteenth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

P.  A declaratory judgment that the practices, acts and omissions complained of herein violated Plaintiff's rights.

Q.  Punitive Damages.

R.  Reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988; and

S.  And for such other and further relief as just and proper.

Dated:      New York, New York
            January 6, 2023

Yours, etc.,

LAW OFFICES OF DEVON M. RADLIN
Attorney for Plaintiff
JOHN LIVERI
112 W 34th Street – 18th Floor
New York, New York 10120
Tel. No.: (212) 406-9200
Email: Devon@LawDMR.com

Index No.:                    Year                    RJI No.:                        Hon:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN LIVIERI,

                              Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY SHERIFF'S
OFFICE KING'S COUNTY SHERIFF'S DIVISION,
DEPUTY R. PROSA, SHIELD #693828 and DEPUTY
JOHN DOE 1,

        Defendants.

---

COMPLAINT

---

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**112 W 34TH STREET – 18TH FLOOR**
**NEW YORK, N.Y. 10120**
**(212) 406-9200**

---

To:                                                Signature (Rule 130-1.1-a)

_____
Print name beneath                                 Attorney(s) for

Service of a copy of the within                    is hereby admitted.
Dated,
_____
                                                   Attorney(s) for

---

Please take notice
⌐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
⌐ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                              on
                                                   Yours, etc.

To:                                                DEVON M. RADLIN
                                                   Attorney for Plaintiff
Attorney(s) for:                                   **112 W 34TH STREET – 18TH FL**
                                                   **NEW YORK, NY 10120**